UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 02-10286-MLW |
| | ) C.A. No. 10-11928-MLW |
| KEVIN M. KELLEY, | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                              December 8, 2015

I.   BACKGROUND

On May 16, 2003, petitioner Kevin M. Kelley pled guilty to being a felon in possession of a firearm. The parties agreed that Kelley was subject to a 15-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e). See March 7, 2003 Memorandum and Order (Docket No. 66). On January 16, 2004, this court sentenced Kelley to 188 months in prison, to be followed by 60 months of supervised release. The First Circuit affirmed. See United States v. Kelley, 402 F.3d 39, 40 (1st Cir. 2005).

Kelley subsequently filed a Motion to Vacate his sentence pursuant to 28 U.S.C. §2255. Kelley asserted five claims for relief, all based on the fact that the law license of the Assistant United States Attorney who prosecuted him was suspended throughout the prosecution. The court appointed counsel for Kelley and ordered him to submit additional filings concerning a number of

factual and legal issues raised in his petition. See February 12, 2015 Memorandum and Order (Docket No. 192).

On June 26, 2015, while the parties were responding to the February 12, 2015 Order, the Supreme Court decided Johnson v. United States, 135 S.Ct. 2551 (2015), which held unconstitutional the "residual clause" of the ACCA. Shortly thereafter, the court stayed the case to permit Kelley additional time to consider the impact of Johnson on his petition. On December 4, 2015, Kelley filed a motion to amend his §2255 petition to assert a claim that, under Johnson, he no longer qualifies as an Armed Career Criminal and is, therefore, entitled to immediate release. Kelley requests that he be released immediately because he has served more than 10 years, which would be the statutory maximum sentence if he is not now properly classified as an Armed Career Criminal.

II. LEGAL STANDARD

"Federal Rule of Civil Procedure 15 governs amendments to habeas petitions in a §2255 proceeding." United States v. Ciampi, 419 F.3d 20, 23 (1st Cir. 2005). Under Rule 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 permits a petitioner to raise claims that were unavailable at the inception of a §2255 action. See United States v. Barrett, 178 F.3d 34, 46 (1st Cir. 1999).

A court may deny a motion to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of amendment[.]" Foman v. Davis, 371 U.S. 178, 182 (1962); United States v. Goodwyn, 797 F. Supp. 2d 177, 180 (D. Mass. 2011) ("The Court need not, however, permit a motion to amend [a §2255 petition] when the proposed amendment would be futile or reward undue delay."). A court may also deny a motion to amend a §2255 petition on the ground that it seeks to evade the statutory restriction on successive petitions. See 28 U.S.C. §2255(h); Vitrano v. United States, 721 F.3d 802, 807 (7th Cir. 2013).

III. DISCUSSION

Kelley seeks leave of the court to amend his §2255 petition to include claims based on Johnson. This is Kelley's first motion to amend. Although the motion was filed nearly six months after Johnson was decided, Kelley notified the government and the court on August 11, 2015, that he would be investigating the application of Johnson to his petition. This was less than two months after Johnson was decided. Therefore, the court finds that Kelley is not acting with a dilatory motive, and that allowing amendment would not cause undue delay or undue prejudice to the government.

The court has also considered the fact that Kelley continues to assert his original claims, relating to the prosecutor's suspended license. This is not a case where the petitioner has

entirely replaced his original claims with new arguments in an attempt to evade §2255's restriction on successive petitions. Cf. Vitrano, 721 F.3d at 806-07. The court, therefore, finds that Kelley has not acted in bad faith by moving to amend.

Kelley's proposed amendment is not, on its face, clearly unmeritorious. Therefore, the court is not now deciding whether amendment would be futile. Rather, it is providing the government an opportunity to address the merits of Kelley's Johnson claim.

IV. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Kelley's Motion to Amend Pending 28 U.S.C. §2255 Petition to Correct Sentence Pursuant to United States v. Johnson and Request for Immediate Release (Docket No. 216) is ALLOWED with regard to leave to amend. The court will decide the merits of Kelley's Johnson claim and request for release after that claim is fully briefed.

2. The government shall, by December 21, 2015, file a supplemental memorandum addressing the merits of Kelley's Johnson claim.

3. Any reply shall be filed by January 5, 2016.

UNITED STATES DISTRICT JUDGE